# In the United States Court of Federal Claims

## OFFICE OF SPECIAL MASTERS

Filed:  August 27, 2020

| | |
|---|---|
| * * * * * * * * * * * * * * | UNPUBLISHED |
| FRED A. STOVER, | No. 17-952V |
| | Special Master Horner |
| Petitioner, | |
| | |
| v. | |
| | |
| SECRETARY OF HEALTH | Attorneys' Fees and Costs |
| AND HUMAN SERVICES, | |
| | |
| Respondent. | |
| * * * * * * * * * * * * * * | |

Rudolph L. Massa, Massa Law Group, PC, Pittsburgh, PA, for Petitioner.
Adriana R. Teitel, United States Department of Justice, Washington, DC, for Respondent.

### DECISION ON ATTORNEYS' FEES AND COSTS[1]

On July 14, 2017, Fred A. Stover ("petitioner") filed a petition for compensation pursuant to the National Vaccine Injury Compensation Program.[2] 42 U.S.C. §§ 300aa-10 to 34 (2012). Petitioner alleged that the influenza vaccine he received on October 14, 2014 caused him to suffer Guillain-Barré syndrome. Petition at 1. On October 16, 2019, the parties filed a stipulation for award, which I adopted as my decision awarding compensation on the same day. (ECF NO. 38).

On April 16, 2020, petitioner filed an application for final attorneys' fees and costs. (ECF No. 43) ("Fees App."). Petitioner requests total attorneys' fees and costs in the amount of $48,416.47 (representing $45,892.00 in fees and $2,524.47 in costs). Fees App. at 2. Pursuant to General Order No. 9, petitioner states that he has not incurred any out-of-pocket costs in pursuing

---

[1] I intend to post this Ruling on the United States Court of Federal Claims' website. **This means the Ruling will be available to anyone with access to the Internet**. In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access. Because this unpublished ruling contains a reasoned explanation for the action in this case, I am required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services).

[2] National Childhood Vaccine Injury Act of 1986, Pub L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

his claim. Fees App. Ex. 3. Respondent responded to the motion on April 28, 2020, indicating that "Respondent is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case." Resp. at 2 (ECF No. 44). Petitioner did not file a reply thereafter.

This matter is now ripe for consideration.

## I. Reasonable Attorneys' Fees and Costs

The Vaccine Act permits an award of reasonable attorneys' fees and costs. § 15(e). The Federal Circuit has approved the lodestar approach to determine reasonable attorneys' fees and costs under the Vaccine Act. *Avera v. Sec'y of Health & Human Servs.*, 515 F.3d 1343, 1347 (Fed. Cir. 2008). This is a two-step process. *Id.* at 1347-48. First, a court determines an "initial estimate . . . by 'multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate.'" *Id.* (quoting *Blum v. Stenson*, 465 U.S. 886, 888 (1984)). Second, the court may make an upward or downward departure from the initial calculation of the fee award based on specific findings. *Id.* at 1348.

It is "well within the special master's discretion" to determine the reasonableness of fees. *Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521–22 (Fed. Cir. 1993); *see also Hines v. Sec'y of Health & Human Servs.*, 22 Cl. Ct. 750, 753 (1991). ("[T]he reviewing court must grant the special master wide latitude in determining the reasonableness of both attorneys' fees and costs."). Applications for attorneys' fees must include contemporaneous and specific billing records that indicate the work performed and the number of hours spent on said work. *See Savin v. Sec'y of Health & Human Servs.*, 85 Fed. Cl. 313, 316–18 (2008). Such applications, however, should not include hours that are "'excessive, redundant, or otherwise unnecessary.'" *Saxton*, 3 F.3d at 1521 (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)).

Reasonable hourly rates are determined by looking at the "prevailing market rate" in the relevant community. *See Blum*, 465 U.S. at 894-95. The "prevailing market rate" is akin to the rate "in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Id.* at 895, n.11. Petitioners bear the burden of providing adequate evidence to prove that the requested hourly rate is reasonable. *Id.*

Special masters can reduce a fee request *sua sponte*, without providing petitioners notice and opportunity to respond. *See Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 209 (Fed. Cl. 2009). When determining the relevant fee reduction, special masters need not engage in a line-by-line analysis of petitioners' fee application. *Broekelschen v. Sec'y of Health & Human Servs.*, 102 Fed. Cl. 719, 729 (Fed. Cl. 2011). Instead, they may rely on their experience with the Vaccine Program to determine the reasonable number of hours expended. *Wasson v. Sec'y of Dep't of Health & Human Servs.*, 24 Cl. Ct. 482, 484 (1991), *rev'd on other grounds and aff'd in relevant part*, 988 F.2d 131 (Fed. Cir. 1993). Just as "[t]rial courts routinely use their prior experience to reduce hourly rates and the number of hours claimed in attorney fee requests . . . Vaccine program special masters are also entitled to use their prior experience in reviewing fee applications." *Saxton*, 3 F.3d at 1521.

### a. Hourly Rates

The decision in *McCulloch* provides a framework for consideration of appropriate ranges for attorneys' fees based upon the experience of the practicing attorney. *McCulloch v. Sec'y of Health & Human Servs.*, No. 09-293V, 2015 WL 5634323, at \*19 (Fed. Cl. Spec. Mstr. Sept. 1, 2015), *motion for recons. denied*, 2015 WL 6181910 (Fed. Cl. Spec. Mstr. Sept. 21, 2015). The Court has since updated the *McCulloch* rates, and the Attorneys' Forum Hourly Rate Fee Schedules for 2015–2016, 2017, 2018, 2019, and 2020 can be accessed online.[3]

Petitioner requests that his attorney, Mr. Rudolph Massa, be compensated at $500.00 per hour for all work performed in this case, from 2015-2020. Petitioner also requests that all paralegal work be compensated at $140.00 per hour. These rates are excessive and require reduction. Other special masters who have considered Mr. Massa's hourly rates found them to be excessive because they exceed the highest possible rates which the Court would award for any attorney work in the Vaccine Program. *See Henderson v. Sec'y of Health & Human Servs.*, No. 18-193V, 2019 WL 7482155, at \*2 (Fed. Cl. Spec. Mstr. Nov. 26, 2019) (further noting that "[a]lthough Mr. Massa is an experienced attorney overall, his experience within the Vaccine Program is very limited, having only a total of seven cases in the Program since 2011"); *see also Johns v. Sec'y of Health & Human Servs.*, No. 15-1226V, 2018 WL 2772688 (Fed. Cl. Spec. Mstr. May 7, 2018).

I will therefore compensate Mr. Massa's work at the hourly rates which have previously been found reasonable for his work: $306.00 per hour for 2015, $312.00 per hour for 2016, $320.00 per hour for 2017, $340.00 per hour for 2018, and $365.00 per hour for 2019. I also find that it is reasonable to increase Mr. Massa's hourly rate for 2020 and shall award him $395.00 per hour for that time billed. Application of these rates results in a reduction of $14,161.40.[4]

The requested paralegal rates also exceed what has previously been found reasonable, which are $127.00 per hour for 2015, $130.00 per hour for 2016, and $135.00 per hour for 2017. However, the undersigned notes that the billed paralegal hours in 2019 in this case are less than what was previously awarded ($145.00 per hour) and that paralegal time billed in 2020 would also be deserving of an increase to $150.00 per hour. Application of these rates ultimately results in a reduction of $90.00.[5]

---

[3] The OSM Fee Schedules are available at: http://www.cofc.uscourts.gov/node/2914.

[4] 2015: ($500 requested - $306 awarded) \* 2.8 hours billed = $543.20
2016: ($500 requested - $312 awarded) \* 2.4 hours billed = $451.20
2017: ($500 requested - $320 awarded) \* 47.6 hours billed = $8,568.00
2018: ($500 requested - $340 awarded) \* 20.4 hours billed = $3,264.00
2019: ($500 requested - $365 awarded) \* 9.5 hours billed = $1,282.50
2020: ($500 requested - $395 awarded) \* 0.5 hours billed = $52.50

[5] I note that the instant case is the fourth time that Mr. Massa has submitted a motion for attorneys' fees and costs in which he requests $500.00 per hour for his work (also including *Johns*, No. 15-1226V, *Olsavicky*, No. 17-1806V, and *Henderson*, No. 18-193V). In all of these cases, Mr. Massa has had his hourly rate reduced. This is because not only has $500.00 per hour been rejected as a reasonable hourly rate for Mr. Massa based upon, among other factors, his overall experience, his Vaccine Program experience, and his locale, but also because $500.00 would be ruled by this Court to be unreasonably high for *any* attorney practicing in the Vaccine Program. Mr. Massa's continued submission of fees motions

### b. Hours Expended

Attorneys' fees are awarded for the "number of hours reasonably expended on the litigation." *Avera*, 515 F.3d at 1348. Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton*, 3 F.3d at 1521. While attorneys may be compensated for non-attorney-level work, the rate must be comparable to what would be paid for a paralegal or secretary. *See O'Neill v. Sec'y of Health & Human Servs.*, No. 08–243V, 2015 WL 2399211, at *9 (Fed. Cl. Spec. Mstr. Apr. 28, 2015). Clerical and secretarial tasks should not be billed at all, regardless of who performs them. *See, e.g.*, *McCulloch*, 2015 WL 5634323, at *26.

Upon review, the overall number of hours billed appears to be reasonable. Petitioner is therefore awarded final attorneys' fees of $31,640.60.

### c. Attorneys' Costs

Like attorneys' fees, a request for reimbursement of attorneys' costs must be reasonable. *Perreira v. Sec'y of Health & Human Servs.*, 27 Fed. Cl. 29, 34 (Fed. Cl. 1992). Petitioner requests a total of $2,524.47 in attorneys' costs. This amount comprises the cost of obtaining medical records and the Court's filing fee. Petitioner has provided adequate documentation supporting these costs and they appear to be reasonable in my experience. Accordingly, petitioner is awarded the full amount of attorneys' costs sought.

## II.  Conclusion

Based on all the above, I find that petitioner is entitled to the following award of reasonable attorneys' fees and costs:

| | |
|---|---|
| Attorneys' Fees Requested | $45,892.00 |
| (Reduction to Fees) | - ($14,251.40) |
| **Total Attorneys' Fees Awarded** | **$31,640.60** |
| | |
| Attorneys' Costs Requested | $2,524.47 |
| (Reduction of Costs) | - |
| **Total Attorneys' Costs Awarded** | **$2,524.47** |
| | |
| **Total Attorneys' Fees and Costs** | **$34,165.07** |

---

which reflect an hourly rate that has been rejected on numerous occasions places undue burden on the Court to tally up his hours and apply the necessary reductions. *See, e.g. Ramirez v. Sec'y of Health & Human Servs.*, No. 16-1180V, 2019 WL 948385, at *2 (Fed. Cl. Spec. Mstr. Jan. 30, 2019) (noting that counsel "should only submit billing logs that reflect the hourly rate previously awarded to him."). I also note that Mr. Massa did not appeal any of these previous rate determinations and reductions. Accordingly, Mr. Massa's hourly rates for his Vaccine Program work are well-settled. Mr. Massa is cautioned that future attorneys' fees motions which request unreasonable hourly rates will be rejected and Mr. Massa will be requested to re-submit the fees motion with the correct rates.

In accordance with the Vaccine Act, 42 U.S.C. § 300aa-15(e) (2012), I have reviewed the billing records and costs in this case and finds that petitioner's request for fees and costs, other than the reductions delineated above, is reasonable. **Accordingly, I award a lump sum in the amount of $34,165.07, representing reimbursement for petitioner's attorneys' fees and costs, in the form of a check payable to petitioner and his attorney, Mr. Rudolph Massa.**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of the Court shall enter judgment in accordance herewith.[6]

**IT IS SO ORDERED.**

s/Daniel T. Horner
Daniel T. Horner
Special Master

---

[6] Entry of judgment can be expedited by each party's filing of a notice renouncing the right to seek review. Vaccine Rule 11(a).